IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BOBBY N. JACOBSON,

    Plaintiff,                                             No. CIV S-08-1828 LKK GGH PS

    vs.

DEPARTMENT OF THE ARMY                           ORDER
BOARD FOR CORRECTION OF
MILITARY RECORDS,

    Defendant.

_____/

    Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This case is referred to this court pursuant to E. D. Cal. L. R. 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

    Plaintiff has submitted an affidavit and additional information making the showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, the request to proceed in forma pauperis will be granted.

    The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or the action is frivolous or malicious, seeks monetary relief against an immune defendant, or fails to state a claim on which

relief may be granted (see also Fed. R. Civ. P. 12(b)(6)).  Additional grounds for dismissing a proposed complaint are improper form (Fed. R. Civ. P.  8(a) and 10(b)), and lack of subject matter jurisdiction (Fed. R. Civ. P. 12(b)(1).

"A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).  A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress.  See Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994).  Lack of subject matter jurisdiction may be raised at any time by either party or by the court.  See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

While the pleadings of pro se litigants are construed liberally, Abassi v. I.N.S., 305 F.3d 1028, 1032 (9th Cir. 2002), pro se litigants are expected to comply with procedural rules, McNeil v. United States, 508 U.S. 106, 113 (1993), American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107-1108 (9th Cir. 2000).

Plaintiff, who is 78 years of age, seeks an order of this court directing the U.S. Department of the Army, Board for Correction of Military Records ("ABCMR"), to issue him a "Purple Heart" based on plaintiff's 1950 Army service in the Korean War during which plaintiff allegedly sustained shrapnel wounds to his back and chest wall while engaged in hostile action.[1]

The Board describes the following requirements for receiving a Purple Heart:

---

[1] Plaintiff states in the Civil Cover Sheet that he is suing for personal injury based on medical malpractice.  However, plaintiff does not seek damages, nor does he demonstrate exhaustion of administrative remedies under the Federal Tort Claims Act, for which the statute of limitations is two years after the claim accrues, defined in medical malpractice actions as the date upon which plaintiff knows of both the existence of an injury and its cause, although not necessarily the government's negligence.  See, e.g., Hensely v. U.S., 531 F.3d 1052, 1056 (9th Cir. 2008).  Here plaintiff was alerted to the metallic fragment in his right chest wall pursuant to x-rays taken June 16, 2003.  Plaintiff does not aver that he filed any claim under the FTCA, which would have been subject to a June 16, 2005 deadline.  Accordingly, absent the submission of evidence enlarging the scope of this action, it is limited to plaintiff's appeal of ABCMR's decision denying plaintiff's request for a Purple Heart, and does not include a claim for personal injury or medical malpractice.

1  "Army Regulation 600-8-22 (Military Awards) provides, in pertinent part, that the Purple Heart
2  is awarded for a wound sustained as a result of hostile action. Substantiating evidence must be
3  provided to verify that the wound was the result of hostile action, the wound must have required
4  treatment by a medical officer, and the medical treatment must have been made a matter of
5  official record." Record of Proceedings, Sept. 13, 2007, at p. 3.

6  Plaintiff enlisted in the Regular Army on July 24, 1950 for a period of three years;
7  he was released from active duty on September 29, 1953 with an undesirable discharge. Record
8  of Proceedings, Aug. 17, 2006, at p. 2. Plaintiff describes the underlying facts as follows
9  (Complaint, at pp. 1-2):

> I was a soldier during the Korean War. In a firefight, a mortar round exploded behind me on the right side of my back. I also took shrapnel in my leg that I pulled out be hand. At first opportunity I went to the battalion and station and told the doctor there what had happened. He gave my back a quick look and said there was nothing wrong with me.
>
> In 2003 I was in the Sutter Roseville, CA. Hospital for elective surgery and x-rays were taken that show shrapnel in my chest wall. I obtained those x-rays, made copies, and sent the copies, along with an explanation of what happened in Korea, to the ABCMR and asked it to change my records and issue me the Purple Heart for the wound. The Board has refused to do so and has forced me into the court for justice.

17  Plaintiff has submitted the following documentation demonstrating compliance
18  with administrative procedures for obtaining the requested correction of his records:

> 1) January 11, 2008 x-ray report of plaintiff's abdomen by "Northern California HCS" (ordered by Dr. Michael Ashcraft), demonstrating in pertinent part a "Metallic fragment identified near the right chest wall, adjacent to the right 7th rib, likely shrapnel;" confirmed "outside chest x-ray report" submitted by plaintiff on July 12, 2007.
>
> 2) August 24, 2006 cover letter from ABCMR Director Carl Chun, and copy of the Board's August 17, 2006 Record of Proceedings, denying plaintiff's December 26, 2005 application to be awarded the Purple Heart. Director Chun informed plaintiff that the Board has nonetheless identified an administrative error in plaintiff's records that would be corrected, viz., that plaintiff had met the criteria for, and his records would be corrected to show, an award of the Korean War Service Medal. The Board's Record of Proceedings demonstrates it

conducted a substantive review[2] of plaintiff's reconstructed military record[3] and concluded it did not "demonstrate the existence of a probable error or injustice." Record of Proceedings, Aug. 17, 2006, at p. 5. The Board reasoned, "Evidence did not contain any general orders which awarded the applicant the Purple Heart. There were no Army medical records available which show the applicant was wounded or treated for wounds as a result of hostile action during his service in Korea. In the absence of such evidence, there is insufficient basis for award of the Purple Heart in this case." Id., at p. 4.

3) June 19, 2007 letter from plaintiff to the Board challenging its August 2006 decision.

4) September 20, 2007 cover letter from ABCMR Director Catherine C. Mitrano, and copy of the Board's September 13, 2007 Record of Proceedings, denying plaintiff's request for reconsideration despite submission of additional evidence including an "article from the United States Army in the Korean War," a "morning report," and additional medical records.[4]

---

[2] The Board initially stated that the purpose of its substantive review was "to determine if it would be in the interest of justice to excuse the applicant' failure to timely file" for correction of his military records, normally required within three years after discovery of the alleged error or injustice (citing 10 U.S.C. § 1552(b)). After concluding that plaintiff should have discovered the alleged error or injustice on or before September 29, 1953 (concluding the three statute of limitations for seeking correction of military records, 10 U.S.C. § 1552(b))), the Board nonetheless found that "*it is appropriate to waive failure to timely file in this case based on the fact there is no statute of limitations on requests for award of the Purple Heart*." Record of Proceedings, Aug. 17, 2006, at p. 2, 4-5 (emphasis added).

[3] The Board noted that "The applicant's military records [were] not available for review. A fire destroyed approximately 18 million service members' records at the National Personnel Records Center in 1973. It is believed that the applicant's records were lost or destroyed in that fire. However, there were sufficient documents remaining in a reconstructed record to conduct a fair and impartial review of this case." Record of Proceedings, Aug. 17, 2006, at p. 2.

[4] Plaintiff has also submitted the following: A September 19, 2007 cover letter from ABCMR Director Catherine C. Mitrano, and copy of the Board's September 13, 2007 Record of Proceedings, denying plaintiff's application to upgrade his undesirable discharge. The Record of Proceedings recounts plaintiff's rationale for the application (id., at p. 2): "The applicant states, in effect, that he was unjustly given an undesirable discharge because no consideration was given concerning his untreated combat wounds, depression, anxiety or Post-Traumatic Stress Disorder (PTSD). He states that he never received legal counseling or any other form of counseling prior to his discharge. He states he should have received an honorable or medical discharge." While acknowledging that plaintiff's military record lacks pertinent information, because of the destruction of such records in 1973 (see n. 3), the Board found that plaintiff had failed to make any showing that would undermine institutional deference to the judgment of plaintiff's commander at the time he discharged plaintiff. Plaintiff does not reference this matter in his complaint and it does not appear that he is currently challenging this Board decision in this court, although it is reasonable to infer that the two matters may be related.

Pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 702,[5] federal courts have subject matter jurisdiction to review decisions of the Army Board for Correction of Military Records. See Guerrero v. Stone, 970 F.2d 626, 628 (9th Cir. 1992) (finding subject matter jurisdiction to review decisions of the ABCMR pursuant to § 702, which "waives sovereign immunity for equitable actions brought pursuant to 28 U.S.C. § 1331 [federal question jurisdiction]").[6] After noting the statutory authority accorded boards for correction of military records,[7] the Guerrero court identified the standard for judicially reviewing the decisions of the various boards (ibid.):

> The Supreme Court has stated, "Board [for Correction of Military Records] decisions are subject to judicial review and can be set aside if they are arbitrary,

---

[5] 5 U.S.C. § 702 provides in full:

A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: Provided, That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance. Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.

[6] "[T]he Army Board for Correction of Military Records is an 'agency' within the meaning of the APA, inasmuch as "agency" is defined to include 'each authority of the Government.' 5 U.S.C. § 701(b)(1). The only exceptions applicable to the military are those for 'military authority exercised in the field in time of war or in occupied territory,' id. § 701(b)(1)(G), and 'courts martial and military commissions,' id. § 701(b)(1)(F), neither of which applies here." Guerrero, 970 F.2d at 628.

[7] 10 U.S.C. § 1552(a)(1) provides in pertinent part: "The Secretary of a military department may correct any military record of the Secretary's department when the Secretary considers it necessary to correct an error or remove an injustice. Except as provided in paragraph (2) [not relevant here], such corrections shall be made by the Secretary acting through boards of civilians of the executive part of that military department."

capricious, or not based on substantial evidence." Chappell v. Wallace, 462 U.S. 296, 303, 103 S.Ct. 2362, 2367, 76 L.Ed.2d 586 (1983). Moreover, as stated in Secretary of Navy v. Huff, 444 U.S. 453, 458, n. 5, 100 S.Ct. 606, 609, n. 5, 62 L.Ed.2d 607 (1980), "the federal courts are open to assure that, in applying [military] regulations, commanders do not abuse the discretion necessarily vested in them." See also Sanders v. United States, 594 F.2d 804, 811, 219 Ct.Cl. 285 (1979) ("Once a plaintiff has sought relief from the Correction Board, such plaintiff is bound by that board's determination unless he can meet the difficult standard of proof that the Correction Board's decision was illegal because it was arbitrary, or capricious...."). We are persuaded by the reasoning in Neal v. Secretary of Navy, 639 F.2d at 1037 (applying this standard in review of decisions of Enlisted Performance Board and Board for Correction of Naval Records); see also Ballenger v. Marsh, 708 F.2d 349, 350 (8th Cir.1983) ("Board decisions denying 'corrective' action are reviewable by federal courts") (citing cases).

As stated by another court (Cooper v. United States, 203 Ct. Cl. 300, 304-05 (1973), and quoted with approval, Grieg v. U. S., 640 F.2d 1261, 1268 (Ct. Cl. 1981)):

> [This court cannot overturn the] decisions of the Army Board for the Correction of Military Records unless they are found to be arbitrary, capricious, and not based upon substantial evidence, or are contrary to applicable laws and regulations. Dorl v. United States, 200 Ct. Cl. 626, cert. denied, 414 U.S. 1032 (94 S. Ct. 461, 38 L. Ed. 2d 323) (1973). This showing requires cogent and clearly convincing evidence. Newman v. United States, 185 Ct. Cl. 269, 276 (1968); Stephens v. United States, 174 Ct. Cl. 365, 372, 358 F.2d 951, 954 (1966). There is a strong presumption that the board and the Secretary faithfully discharged their duties and the burden is upon plaintiff to prove otherwise. Callan v. United States, 196 Ct. Cl. 392, 450 F.2d 1121 (1971); Biddle v. United States, 186 Ct. Cl. 87 (1968).

These authorities demonstrate that this court has subject matter jurisdiction over plaintiff's complaint, which the court finds adequately states a prima facie claim for correction of military records. Plaintiff has filed this action within the six year limitation period that appears to be operative. See 28 U.S.C. § 2401(a) ("[e]very civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues" ). The court construes this equitable action as seeking both declaratory relief, 28 U.S.C. § 2201, 2201, and a writ of mandamus, 28 U.S.C. §§ 1361, 1651. See, e.g., Sanders, 594 F.2d at 810, n. 10; Guerrero, 970 F.2d at 629.

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to issue forthwith, and the U.S. Marshal is directed to serve within ninety days of the date of this order, all process pursuant to Fed. R. Civ.

1  P. 4, including a copy of this court's status order, without prepayment of costs.

2      2. The Clerk of the Court shall send plaintiff two USM-285 forms, one summons, a copy of the complaint, an appropriate form for consent to trial by a magistrate judge, and this court's status order.

    3. Plaintiff is directed to supply the U.S. Marshal, within 15 days from the date this order is filed, all information needed by the Marshal to effect service of process. The court anticipates that, to effect service, the U.S. Marshal will require at least:

    a. One completed summons;

    b. One completed USM-285 form for each defendant;

    c. A copy of the endorsed filed complaint for each defendant, with an extra copy for the U.S. Marshal; and

    d. A copy of this court's status order for each defendant.

    4. In the event the U.S. Marshal is unable, for any reason whatsoever, to effectuate service on the defendant within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

    5. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030.

    SO ORDERED.

DATED: 09/09/08

                                            /s/ Gregory G. Hollows

                                            GREGORY G. HOLLOWS
                                            U. S. MAGISTRATE JUDGE

Jacobson1828.ifp